## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:11-CV-00195-JHM**

**KENNETH THOMPSON**                                                                                    **PLAINTIFF**

**V.**

**CITY OF GREENSBURG, et. al.**                                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants City of Greensburg, George Cheatham, II, John Brady, and Tracy Moon's Motion to Dismiss and for Judgment on the Pleadings [DN 6]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court **GRANTS** the Defendants' motion to dismiss.

### I. BACKGROUND

Plaintiff Kenneth Thompson joined the City of Greensburg, Kentucky Police Department as an Officer on December 26, 2000, a position that he held until his termination on December 30, 2010. (Compl. ¶ 9.) On October 4, 2010, Defendant Officer Tracy Moon installed a program on the Police Department computer that tracked the key strokes of individuals using the computer. (Id. at ¶ 11.) The program revealed that someone had been posting comments on the website Topix from the Department computer. (Id. at ¶ 12.) Defendant Moon shared the results of this program, as well as his belief that Plaintiff had posted the comments with Defendant Chief of Police John Brady. (Id.)

Thereafter, a complaint and an investigation was initiated and Plaintiff was notified that he was being suspended pending the investigation and a hearing. (Id. at ¶¶ 13, 15.) Plaintiff availed himself of the hearing, which took place on December 22, 2010. (Id. at ¶¶ 16-17.) As the Mayor

of the City of Greensburg, Defendant Mayor George Cheatham, II presided over the hearing.  (Id.) Following the conclusion of the hearing, Plaintiff was terminated on December 30, 2010, for violations of written "policies" of the Greensburg Police Department.  (Id. at 19.)  Plaintiff has appealed that administrative decision to the Green Circuit Court in accordance with K.R.S. § 15.520(2).  (Id. at ¶20.)  Plaintiff's appeal in the Green Circuit Court is still pending.

After filing his Green Circuit Court administrative appeal, Plaintiff filed the instant action asserting five claims against the City of Greensburg, Mayor Cheatham, Chief Brady, and Officer Moon, in their individual and official capacities.  The Complaint contains the following claims: Count I, violation of K.R.S. § 15.520; Count II, violation of K.R.S. § 61.102; Count III, violation of 42 U.S.C. § 1983 for termination in retaliation for exercising First Amendment right to free speech; Count IV, violation of 42 U.S.C. § 1983 for termination in retaliation for exercising First Amendment right to speech affecting public elections; and Count V, wrongful termination.  In support of his two § 1983 First Amendment retaliation claims, Plaintiff alleges that he was retaliated against for voicing concerns to Defendants Chief Brady and Mayor Cheatham over the storage of evidence, (Id. at ¶ 25), and for voicing concerns to other Greensburg Police Officers over Defendant Cheatham's intoxication at sporting events at Green County High School, (Id. at ¶ 28).

Defendants have now moved to dismiss the Complaint

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for

relief[,]" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 1949, 1950.  Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

If "matters outside the pleadings are presented to and not excluded by the court" when ruling upon a motion under Rule 12(b)(6), the Federal Rules require that "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  This Rule does not require the Court to convert a motion to dismiss into a motion for summary judgment every time the Court reviews documents that are not attached to the complaint. Greenberg v. Life Ins. Co. of Va., 177 F.3d 507, 514 (6th Cir. 1999).  "[W]hen a document is referred to in the complaint and is central to the plaintiff's claim . . . [,] the defendant may submit an authentic copy [of the document] to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." Id. (quotation omitted). "Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies." Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds*, Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

# III. DISCUSSION

Defendants' motion argues that dismissal is appropriate based upon several theories, including abstention, failure to state a claim, and immunity.  The Court finds that Defendants' failure to state a claim theory is dispositive of the current motion.  Accordingly, the Court's discussion will be limited to that theory and will not address Defendants' alternative theories.

## 42 U.S.C. § 1983 Claims

In Counts III and IV of his Complaint, Plaintiff has alleged that Defendants have deprived him of his First Amendment right to free speech and right to free expression affecting elections in violation of 42 U.S.C. § 1983.  In order "to establish a prima facie case of retaliation under 42 U.S.C. § 1983, a plaintiff must show that (1) the plaintiff engaged in constitutionally protected speech; (2) the public employer subjected the plaintiff to adverse action; and (3) the adverse action was motivated by the protected speech."  Miller v. City of Canton, 319 F. App'x 411, 416 (6th Cir. 2009).  In the public employee setting, a plaintiff attempting to demonstrate the first prong of a prima facie retaliation claim must "meet additional standards to establish that the speech at issue is constitutionally protected."  Leary v. Daeschner, 349 F.3d 888, 897 (6th Cir. 2003).  "For a public employee's statements to receive First Amendment protection, the public employee must speak 'as a citizen' and 'address[ ] matters of public concern.'" Fox v. Traverse City Area Public Schools Bd. of Educ., 605 F.3d 345, 348 (6th Cir. 2010) (quoting Weisbarth v. Geauga Park Dist., 499 F.3d 538, 542 (6th Cir.2007)).

However, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes."  Garcetti v. Ceballos, 547 U.S. 410, 421 (2006).  Therefore, such speech is not protected and cannot form the basis of a First

4

Amendment retaliation claim.  Haynes v. City of Circleville, Ohio, 474 F.3d 357, 362-63 (6th Cir. 2007).  Even "[s]peech by a public employee made pursuant to ad hoc or de facto duties not appearing in any written job description is [un]protected if it 'owes its existence to [the speaker's] professional responsibilities.'"  Fox, 605 F.3d at 348 (quoting Weisbarth, 499 F.3d at 544).  The Sixth Circuit Court of Appeals has found that the determination of whether a public employee was speaking pursuant to his or her official duties requires an examination of the content and context of the statement, including to whom the statement was made, and is a question of law for the court to decide.  Id. at 348-50 (citing Weisbarth, 499 F.3d at 545).

The Sixth Circuit has used this analysis to examine several types of speech made by various public employees.  In Fox v. Traverse City Area Public Schools Board of Education, the court found that a public teacher's complaints regarding her class size, made solely to her supervisor, were not protected speech under the First Amendment.  See Fox, 605 F.3d at 349.  Although the teacher had no control over the size of her class, the court found that the speech was made pursuant to her official duties because the speech "'owe[d] its existence to' her responsibilities as a special education teacher."  Id.  Likewise, in Weisbarth v. Geauga Park District, the court found that a park ranger's complaints to an outside consultant regarding morale and performance problems were unprotected speech under the First Amendment.  Weisbarth, 499 F.3d at 546.  The court found that the plaintiff was obligated to aid in the evaluation conducted by the consultant, making her complaints part of the "ad-hoc" duties that arose in the course of her employment.  Id. at 544.  Thus, the plaintiff's speech made pursuant to those ad hoc duties was not protected speech.  Id.

In Haynes v. City of Circleville, Ohio, the plaintiff was a police officer in the department's canine unit, who alleged he was terminated in retaliation for voicing concerns with proposed budget

cuts.  Haynes, 474 F.3d at 359.  Plaintiff learned of the proposed cuts in the department's canine unit and authored a memo to the chief of police voicing his displeasure and warning of potential consequences if the cuts were instituted.  Id. at 360.  The Sixth Circuit found that the memo authored by the plaintiff was speech made pursuant to his official duties as a police officer in the canine unit and, therefore, was unprotected speech.  Id. at 364.  This determination was supported by analyzing the context in which the speech was made.  The Sixth Circuit found that the speech was directed only to the plaintiff's superior, indicating that the plaintiff was speaking in his capacity as a public employee, rather than as a private citizen in the public at large.  Id.

In the instant case, Plaintiff alleges that he engaged in two different expressions of protected speech. (Pl.'s Resp. 5.)  The first involved Plaintiff voicing concerns to Defendants Chief Brady and Mayor Cheatham regarding the storage of evidence, and the second involved Plaintiff voicing concerns to other city police officers regarding Defendant Mayor Cheatham's behavior in becoming intoxicated in public in Green County, which is a dry county.[1]  (Id.)  Defendants have moved to dismiss Plaintiff's retaliation claims contending that neither of these statements is protected by the First Amendment because they were made pursuant to Plaintiff's official duties as a Greensburg Police Officer.  Plaintiff has failed to address Defendants' argument.  Instead Plaintiff contends that his Complaint contains an allegation that he engaged in protected speech, which at this stage of the litigation must be presumed to be true.  (See Pl.'s Resp. 5.)  However, at the motion to dismiss stage, only *factual* allegations are entitled to a presumption of truth.  Legal conclusions, such as that an individual has engaged in constitutionally protected activity, are not entitled to that same

---

[1] Although not alleged in the Complaint, Plaintiff's Response notes that the City of Greensburg, Kentucky is located in a dry county. (See Pl.'s Resp. 6.)

presumption.  See Papasan v. Allain, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.") Looking only to the factual allegations, the Court finds that Plaintiff has failed to allege that he engaged in protected activity under the First Amendment.

Neither of Plaintiff's identified expressions is entitled to protection under the First Amendment because both were instances of speech made pursuant to Plaintiff's official duties as a Greensburg Police Officer tasked with investigating and enforcing the laws of Kentucky. Plaintiff's speech regarding the storage of evidence, made up the chain-of-command to the Chief of Police and Mayor of the City, is clearly speech made pursuant to Plaintiff's employment as a city police officer.  Plaintiff's discussion of internal police procedures "owes its existence to [Plaintiff's] professional responsibilities" as a police officer, and as such it is not protected under the First Amendment.   See Haynes, 474 F.3d at 364 ("The fact that Haynes communicated solely to his superior also indicates that he was speaking 'in [his] capacity as a public employee contributing to the formation and execution of official policy.'"); Platt v. Incorporated Village of Southampton, 391 F. App'x 62, 63-64 (2d Cir. 2010) (finding that "a police officer speaking to a public official about his concerns over public safety issues" is speech made pursuant to the officer's official duties, and thus is not protected under the First Amendment); Knight v. Drye, 375 F. App'x 280, 282 (3d Cir. 2010) (finding the plaintiff police officer's "complaint up the chain of command . . . is not speech protected by the First Amendment"); Kline v. Valentic, 283 F. App'x 913, 916-17 (3d Cir. 2008) (finding a police officer's complaint of police misconduct did not constitute speech protected under the First Amendment when it was made "up the chain of command and not in any public forum").

Nor is Plaintiff's speech to his fellow officers regarding Defendant Mayor Cheatham's intoxicated behavior at public sporting events entitled to protection under the First Amendment. Given both the content and the context of this speech, the Court finds that it too "owes its existence to [Plaintiff's] professional responsibilities." Id. The content of Plaintiff's speech involves the potential violation of Kentucky Revised Statutes prohibiting the sale of alcohol in a dry county, K.R.S. § 242.230, as well as the prohibition of being intoxicated by alcohol in a public place, K.R.S. § 222.202, which, as a police officer, Plaintiff had a duty to investigate and enforce. See Cheek v. City of Edwardsville, Kan., 514 F. Supp. 2d 1220 (D. Kan. 2007) *affirmed by* 324 F. App'x 699 (10th Cir. 2008) (finding police officers' reports of city employees' allegedly illegal activities was not protected speech because it owed its existence to activities that the city employed plaintiffs to do, investigating criminal conduct). As for the context of the speech, Plaintiff's Complaint is clear that the speech was only raised among other city police officers, individuals charged with the same enforcement duties as Plaintiff. See Fox, 605 F.3d at 349 (finding that plaintiff was speaking as a public employee rather than a private citizen when the speech was not directed to the general public).

This demonstrates that Plaintiff's speech concerned a matter that he was employed to investigate and enforce as a Greensburg Police Officer, the potential violation of Kentucky statutes, and that it was only expressed to other officers charged with the same professional responsibilities, not the general public at large. Under these circumstances, the Court finds that this speech is unprotected because the Plaintiff was speaking as a public employee pursuant to his official duties to enforce the laws of Kentucky. See Aubrecht v. Penn. State Police, 389 F. App'x 189, 193 (3d Cir.

2010) (holding that a police officer was speaking pursuant to his official duties when he complained of an allegedly illegal quota system and his complaints were confined solely to his workplace).

To the extent that Plaintiff argues that his speech regarding Defendant Mayor Cheatham's behavior in becoming intoxicated in public in a dry county should be protected because it is speech on a matter of public concern, the Court is unpersuaded. The Sixth Circuit has made it clear that "[u]nder Garcetti, 'even employee speech addressing a matter of public concern is not protected if made pursuant to the employee's official duties.'" Fox, 605 F.3d at 348 (quoting Weisbarth, 499 F.3d at 545). As the Court has found that the speech at issue was made pursuant to Plaintiff's official duties as a police officer, Plaintiff cannot demonstrate that he engaged in constitutionally protected activity. Accordingly, the Court finds that Plaintiff has failed to sufficiently plead a claim for First Amendment retaliation under § 1983, and Defendants' motion to dismiss Counts III and IV is **GRANTED**.

As the Court has dismissed Plaintiff's § 1983 claims, the Court likewise dismisses Plaintiff's request to recover his costs, expenses and attorneys' fees under 42 U.S.C. § 1988.

**State Law Claims**

Plaintiff has also alleged in Count I, a violation of K.R.S. § 15.520 the Policemen's Bill of Rights, in Count II, a violation of K.R.S. § 61.102 the Kentucky Whistleblower Act, and in Count V, a violation of the common law doctrine of wrongful discharge. Defendants contend that because Counts I, II, and V "are solely based on state law claims," and the Court has dismissed Plaintiff's federal claims in Counts III and IV, that the Court should decline to exercise supplemental jurisdiction. (Defs.' Mot. to Dismiss 19-22.) Plaintiff's Response only addresses his claim under K.R.S. § 61.102, requesting that the Court "not decline to exercise supplemental jurisdiction over

this claim." (Pl.'s Resp. 9.) Essentially, Plaintiff's Response concedes that whether the Court exercises supplemental jurisdiction over the remaining claims is subject to the Court's discretion.

Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988), the Supreme Court discussed the propriety of exercising supplemental jurisdiction over pendent state-law claims following its decision in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

> The Gibbs Court recognized that a federal court's determination of state-law claims could conflict with the principle of comity to the States and with the promotion of justice between the litigating parties. For this reason, Gibbs emphasized that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." Ibid. Under Gibbs, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. Id., at 726-27.

Carnegie-Mellon, 484 U.S. at 349-50.

The instant action was filed on December 29, 2011. (Compl. [DN 1].) Defendant have not even filed their Answer, choosing instead to file this Motion to Dismiss. Given that the remaining claims are state-law claims, and that this case is in its infancy, the Court finds that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. Accordingly, Plaintiff's pendent state-law claims are **DISMISSED** without prejudice.

**IV. CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants City of Greensburg, George Cheatham, II, John Brady, and Tracy Moon's Motion to Dismiss and for Judgment on the Pleadings [DN 6] is **GRANTED**.  Plaintiffs' federal claims are dismissed with prejudice, but his state-law claims are dismissed without prejudice.

cc: counsel of record